JOHN L. BURRIS, SBN 69888
ADANTÉ D. POINTER, SBN 236229
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone (510) 839-5200
Facsimile (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com

Attorneys for Plaintiffs
JOHN ROE and JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE and JANE DOE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his official capacity as Chief of Police for the City of Vallejo; ERIC JENSEN, in his individual and official capacity as a police officer for the City of Vallejo; and DOES 1 THRU 50, inclusive<br><br>    Defendants. | No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br>**JURY TRIAL DEMANDED** |

## I.   INTRODUCTION

1.       This case arises out of the early morning sexual assault and battery of a 21 year-old, City of Lincoln resident by a City of Vallejo Police Officer Eric Jensen. Specifically, on January 8, 2006, Mr. John Roe was pulled over by Vallejo Police Officers for suspicion of driving under the influence. After determining Mr. Roe's blood alcohol concentration was above the legal limit police arrested him

and towed his car. Mr. Roe's girlfriend, Ms. Jane Doe, who is not familiar with the area and was Mr. Roe's passenger, was left alone and without transportation.

2. Officer Eric Jensen offered to give Ms. Doe a ride to Mr. Roe's apartment and ordered Mr. Roe to give him the keys. After arriving at the residence, Officer Jensen walked Ms. Doe upstairs to the apartment but they were unable to open the door because they had the wrong set of keys. Officer Jensen then drove Ms. Doe to the Vallejo Police Department (VPD) and retrieved the correct key from Mr. Roe's belongings. On the ride back to Mr. Roe's apartment, Officer Jensen made several inappropriate comments including, but not limited to, "you're a porn star, huh?"

3. Once they were back at Mr. Roe's apartment building, Officer Jensen once again walked Ms. Roe back to Mr. Roe's apartment and opened the door. Almost immediately after the door was open, Officer Jensen proceeded to sexually harass and assault Ms. Doe by stalking her as she quickly moved from room to room, fondling her genitals and exposing his penis. Officer Jensen finally left after Ms. Doe pleaded with him to stop and told him that was being a "dirty cop." The very next day, Ms. Doe filed a complaint with VPD'S Internal Affairs Division (IAD). The IAD investigated Ms. DOE'S claims and found that while Officer Jensen did, in fact, conduct himself in a manner unbecoming of a police officer, they did not believe there was enough evidence to prove he had sexually assaulted and/or battered Ms. DOE.

## II. JURISDICTION

4. This action arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §1331 and § 1343. The court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367. Plaintiff has filed an administrative claim with the City of Vallejo in compliance with California Government Code sections 910 et seq.; the City rejected the claim.

## III. THE PARTIES

### A. Plaintiffs

5. Plaintiff JANE DOE is a 21 year-old resident of the City of Lincoln, California and is readily recognized as a Latino-American.

6. Plaintiff JOHN ROE is a resident of the City of Vallejo, California and readily recognized as an African-American.

### B. Defendants

7. At all times mentioned herein, ERIC JENSEN was a POLICE OFFICER for the CITY OF VALLEJO and is sued individually and in his official capacity.

8. Defendant ROBERT NICHELINI (CHIEF NICHELINI) is, and at all times herein mentioned was, the Chief of Police for the VALLEJO POLICE DEPARTMENT. Defendant, CHIEF NICHELINI, was the policy-maker for Defendant VALLEJO POLICE DEPARTMENT, on the matters alleged herein related to the customs, policies and practices, of the VALLEJO POLICE DEPARTMENT, including, but not limited to, customs, policies and practices related to making reasonable search and seizures and the treatment of citizens; the training, supervision, hiring, discipline, assignment and control of police officers; and the management and supervision of VALLEJO POLICE DEPARTMENT.

9. Defendant CITY OF VALLEJO is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California. The City operates under its authority, the Vallejo Police Department.

10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based

## III. THE PARTIES

### A. Plaintiffs

5. Plaintiff JANE DOE is a 21 year-old resident of the City of Lincoln, California and is readily recognized as a Latino-American.

6. Plaintiff JOHN ROE is a resident of the City of Vallejo, California and readily recognized as an African-American.

### B. Defendants

7. At all times mentioned herein, ERIC JENSEN was a POLICE OFFICER for the CITY OF VALLEJO and is sued individually and in his official capacity.

8. Defendant ROBERT NICHELINI (CHIEF NICHELINI) is, and at all times herein mentioned was, the Chief of Police for the VALLEJO POLICE DEPARTMENT. Defendant, CHIEF NICHELINI, was the policy-maker for Defendant VALLEJO POLICE DEPARTMENT, on the matters alleged herein related to the customs, policies and practices, of the VALLEJO POLICE DEPARTMENT, including, but not limited to, customs, policies and practices related to making reasonable search and seizures and the treatment of citizens; the training, supervision, hiring, discipline, assignment and control of police officers; and the management and supervision of VALLEJO POLICE DEPARTMENT.

9. Defendant CITY OF VALLEJO is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California. The City operates under its authority, the Vallejo Police Department.

10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based

upon agency, employment, or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11. Each of the defendants, including defendants DOES 1 through 50, caused, and is responsible for, the below-described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing, with deliberate indifference to plaintiffs' rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

12. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment for the CITY OF VALLEJO.

13. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

14. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

15. For State causes of action related to federal claims, Plaintiffs are required to comply with an administrative claim requirements under California law. Plaintiffs have complied with all applicable requirements.

## IV. STATEMENT OF FACTS

16. On January 8, 2005 at approximately 2:00 a.m., Ms. JANE DOE, a then 21-year old Lincoln, California resident, was a passenger in a vehicle driven by her boyfriend, Mr. JOHN ROE, when they were pulled over by a Vallejo police officer. Mr. ROE was subsequently arrested on suspicion of driving under the influence and his vehicle was impounded.

17. After Mr. ROE'S car was towed, Officer ERIC JENSEN inquired as to whether Ms. DOE had any friends or family members who would be willing to give her a ride home. Ms. DOE mentioned that she was new to the area and did not know anyone other than Mr. ROE. Officer JENSEN then volunteered to give Ms. DOE a ride to Mr. ROE's apartment, located in the city of Vallejo. Before leaving the scene, Officer Jensen went to the patrol car holding Mr. ROE and personally retrieved a set of keys from him, by stating in substance that the keys were going to be given to Ms. DOE.

18. Instead, Officer JENSEN retained possession of the keys and drove Ms. DOE to Mr. ROE'S home. He led Ms. DOE to the front door of Mr. ROE'S apartment, put one of the keys into the lock and attempted to open the door. Unbeknownst to Officer JENSEN and Ms. DOE, Mr. ROE had mistakenly given the officer the wrong key. As a result, Officer JENSEN'S attempt to unlawfully enter and search the premises was stymied.

19. Next, Officer JENSEN again offered to give Ms. DOE a ride, this time to get the keys from MR. ROE, who was in custody at the Vallejo Police Department, and then back to Mr. ROE'S home. Upon their arrival at the Vallejo Police Department, he retrieved the keys from Mr. ROE'S belongings. On the ride from the police station to Mr. ROE'S apartment, Officer JENSEN made several inappropriate inquiries/comments, including, but not limited to, "You're a porn star, huh?" "You're a naughty girl," "You're a kinky girl."

20. Once they arrived at Mr. ROE'S apartment, Officer Jensen, who retained possession of the keys to the residence, took it upon himself to open the door and accompany Ms. DOE into the home.

21. Once inside, he proceeded to aggressively pursue Ms. DOE throughout the apartment, eventually following her into the bedroom. As Ms. DOE turned around to protest actions, Officer JENSEN put his hand in her blouse and fondled her nipple. Ms. DOE responded by firmly telling him to

COMPLAINT FOR DAMAGES                                   5                                  CASE NO.

stop and hitting him on the chest. Nevertheless, Officer JENSEN continued his crude sexual advances by stalking Ms. DOE around the apartment. At one point, he put his hand down her pants, touched her vagina and ordered her to perform oral sex. Ms. DOE continued to resist, repeatedly telling Officer JENSEN to stop. In spite of her resistance, Officer JENSEN continued to sexually torment Ms. DOE, following her to the living room, where he sat on a chair, pulled his penis out of his pants and asked her to perform oral sex. Again, she refused, and demanded that Officer JENSEN leave. He abruptly stood up and informed Ms. DOE that if she "said anything to anyone---she would be in trouble," and left.

## V. REQUISITES FOR RELIEF

22. Plaintiffs are informed and believe that the violations of their constitutional and lawful rights complained of herein were caused by customs, policies, directives, practices, acts and omissions of authorized policy makers of the defendants CITY OF VALLEJO, including defendants ROBERT NICHELINI and other supervisory officials of the VALLEJO POLICE DEPARTMENT which encouraged, authorized, directed, condoned, and ratified the unconstitutional and unlawful conduct complained of herein. Said customs, policies and practices include, but are not limited to the failure to maintain adequate policies, and to adequately train, supervise and control VALLEJO POLICE DEPARTMENT Officers, concerning the treatment of citizens and the constitutional limitations on the entry into residences; and the failure to investigate and impose discipline on the VALLEJO POLICE DEPARTMENT Officer involved in the unconstitutional and unlawful actions complained of herein, and/or to adopt other remedial measures and policies to insure that such violations of legal rights would not recur.

23. As a direct and proximate result of the conduct of defendants described herein, the Plaintiffs have been denied their constitutional, statutory and legal rights as stated below, and have suffered, continue to suffer and will in the future suffer general and special damages, including but not limited to, mental and emotional distress, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort, and anxiety.

24. Defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference for plaintiffs' rights.

25. Defendants' policies, practices, customs, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to plaintiffs, including but not limited to violating their constitutional and statutory rights. Plaintiffs have no plain, adequate or complete remedy at law to address the wrongs described herein. Defendants' conduct described herein placed Plaintiffs in fear, anxiety and uncertainty with respect to their exercise now and in the future of these constitutional rights, and with respect to their physical security and safety. Plaintiffs therefore seek injunctive relief from this court, to ensure that plaintiffs and persons similarly situated will not suffer violations of their rights from defendants' illegal and unconstitutional policies, customs and practices as described herein.

26. An actual controversy exists between the plaintiffs and defendants in that the plaintiffs contend the policies, practices and conduct of defendants alleged herein are unlawful and unconstitutional, whereas plaintiffs are informed and believe that defendants contend said policies, practices and conduct are lawful and constitutional. Plaintiffs are seeking a declaration of rights with respect to this controversy.

### VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation Of Fourth And Fourteenth Amendments To United States Constitution (42 U.S.C. § 1983)**

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 of this complaint.

28. Defendants' above-described conduct violated plaintiffs' right to be free from unreasonable seizures and excessive and/or arbitrary force without reasonable or probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### Violation Of Fourteenth Amendment To United States Constitution

### (42 U.S.C. § 1983)

29. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 of this complaint.

30. Defendants' above-described conduct violated plaintiffs' right to not be deprived of liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### Violation Of Fourteenth Amendment To United States Constitution

### (42 U.S.C. § 1983)

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 of this complaint.

32. Defendants' above-described conduct violated plaintiffs' rights to equal protection of the laws guaranteed under the Fourteenth Amendment to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### Violation of California Constitution, Article I, § 13

33. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 of this complaint.

34. Defendants' above-described conduct violated plaintiffs' right to be free from unreasonable seizures and excessive and/or arbitrary force without reasonable or probable cause as guaranteed under article I, section 13 of the California Constitution.

## FIFTH CLAIM FOR RELIEF

### Violation of California Constitution, Article 1, § 7(A)

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this complaint.

36. Defendants' above-described conduct violated plaintiffs' right not to be deprived of life, liberty or property without due process of law as guaranteed under article 1, section 7(a) of the California Constitution.

## SIXTH CLAIM FOR RELIEF

### Violation of California Constitution, Article 1, § 7(A)

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 of this complaint.

38. Defendants' above-described conduct violated plaintiffs' right to equal protection of the laws under article 1, section 7(a) of the California Constitution.

## SEVENTH CLAIM FOR RELIEF

### Violation of California Civil Code § 52.1

39. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 of this complaint.

40. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.

## EIGHTH CLAIM FOR RELIEF

### Assault And Battery

41. Plaintiff DOE re-alleges and incorporates by reference paragraphs 1 through 40 of this complaint.

42. Defendants' above-described conduct constituted assault and battery.

## NINTH CLAIM FOR RELIEF

### Intentional Infliction Of Emotional Distress

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42 of this complaint.

44. Defendants' above-described conduct was extreme, unreasonable and outrageous.

45. By engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of defendants' conduct.

## TENTH CLAIM FOR RELIEF

### Negligence

46. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 of this complaint.

47. Defendants have a duty of care to Plaintiffs to ensure that defendants did not cause unnecessary or unjustified harm to Plaintiffs and a duty of care to hire, train, supervise and discipline VALLEJO POLICE DEPARTMENT officers so as to not cause harm to plaintiffs and to prevent violations of plaintiffs' constitutional, statutory and common law rights.

48. The above-described acts and omissions of defendants breached the duty of care defendants owed to the plaintiffs.

## ELEVENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training, Supervision, and Discipline

49. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants.

50. At all times herein mentioned, defendant CITY OF VALLEJO, by and through its supervisory employees and agents, CHIEF NICHELINI, and DOES 11-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY OF VALLEJO, CHIEF NICHELINI, and DOES 11-50, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiffs. CITY OF VALLEJO, CHIEF NICHELINI, and DOES 11-50, inclusive, breached their duty of care to citizens in that CITY OF VALLEJO, CHIEF NICHELINI, and DOES 11-50, inclusive, failed to adequately train its police officers, including OFFICER JENSEN, in the proper and reasonable contact with citizens while on duty, including but not limited to sexual assault, assault and battery, improper entry into residences; and/or failed to have adequate policies and procedures regarding the proper and reasonable degree of contact with citizens while on duty. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of an unreasonable, improper and unlawful degree of contact with citizens by police officers employed by the CITY OF VALLEJO while on duty.

51. As a proximate result of defendants CITY OF VALLEJO, CHIEF NICHELINI, and DOES 1-50, negligent conduct, plaintiffs suffered severe physical and emotional injury and severe mental

COMPLAINT FOR DAMAGES                        11                        CASE NO.

distress,

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## XI. PRAYER

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For preliminary and permanent injunctive relief restraining defendants from engaging in the unlawful and unconstitutional actions complained of above;

2. For a declaratory judgment that defendants' conduct complained of herein was a violation of plaintiffs' rights under the Constitution and laws of the United States and California;

3. For general and compensatory damages in the sum of $ 1,000,000;

4. For special damages, including but not limited to medical and related expenses;

5. For punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

6. For an award of statutory damages and penalties pursuant to Cal. Civil Code section 52(b) to be determined according to proof;

7. For attorneys' fees pursuant to 42 U.S.C. § 1988 and California Civil Code section 52(b) and section 52.1(h), and California Code of Civil Procedure section 1021.5;

8. For costs of suit;

9. For pre- and post-judgment interest as permitted by law;

10. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial.

DATED: December 1, 2006

                         /s/   John L. Burris
                         John L. Burris
                         LAW OFFICES OF JOHN L. BURRIS
                         Attorneys for Plaintiff